**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROGRESSIVE CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| Plaintiff, | ) | **Civil Action No. 08-343 Erie** |
| | ) | |
| v. | ) | |
| | ) | **District Judge Sean J. McLaughlin** |
| **WINNEBAGO INDUSTRIES, INC.,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendant's Motion for summary judgment [ECF No. 20][1] be granted as to the breach of express warranty claim and denied as to the breach of implied warranty claims. It is further recommended that the motion for summary judgment on the spoliation of evidence, as well as the alternative request for a spoliation inference at trial, should be denied at this point in time.

**II.   REPORT**

   **A.   Relevant Background**

Plaintiff commenced this action in the Court of Common Pleas of McKean County, Pennsylvania. Shortly thereafter, Defendant removed the case to this federal court.

---

[1] The nineteenth edition to The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n, et al. eds., 19th ed. 2010) provides citation form for court documents filed with the Electronic Case Management system of the federal courts. Rule B7.1.4. Although The Bluebook advises pinpoint citation to a document's original page number, this Court finds its practice of citing to the page number contained in the PACER header more efficient and will continue its prior practice of citing to that page number herein.

1

Plaintiff Progressive Casualty Insurance, as subrogee of Joseph Hervatin, commenced this action claiming that Defendant Winnebago is liable for damages to a 2006 Winnebago Sightseer owned by Hervatin and insured by the Plaintiff. Plaintiff alleges that a catastrophic fire occurred in the vehicle on June 28, 2007, as it was parked in the driveway of the insured's home. The three-count complaint seeks monetary damages of $94,115, based on theories of strict liability, negligence, and breach of express and implied warranties.

Later, Plaintiff stipulated to the voluntary dismissal of the strict liability and the negligence claims (Counts I and II of the Complaint) and is now proceeding solely on Count III of the Complaint – the breach of warranty claims. See Text Order dated August 4, 2009.

Defendant has filed a motion for summary judgment arguing that: 1) Plaintiff has failed to produce sufficient evidence of a defect in the vehicle; 2) Plaintiff has failed to demonstrate that Winnebago's warranty applies to the damages that form the basis of the Plaintiff's complaint; and 3) Plaintiff spoliated the evidence by storing the vehicle in an outdoor salvage storage facility, prejudicing Winnebago's ability to defend its interests. ECF No. 21.

**B.    Standard of Review**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out

2

specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed. R. Civ. P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### C.   Implied Warranties of Merchantability and Fitness for a Particular Purpose

Plaintiff is proceeding solely on the breach of warranty count and alleges that the actual written warranty, as well as the implied warranties of merchantability and of fitness for a particular purpose, have been breached by Defendant. ECF No. 1-1, ¶ ¶ 23-25. Initially, Defendant moves for summary judgment arguing that Plaintiff has failed to produce sufficient evidence of a defect in the Winnebago RV.

The implied warranties of merchantability[2] and fitness for particular purpose[3] arise by operation of law (Altronics of Bethlehem, Inc. v. Repco, 957 F.2d 1102, 1105 (3d Cir. 1992))

---

[2] "The implied warranty of merchantability is breached when any of the following merchantability standards for goods is not met:
   Goods to be merchantable must be at least such as:
   (i)   Pass without objection in the trade under the contract description;
   (ii)  In the case of fungible goods, are of fair average quality within the description;
   (iii) Are fit for the ordinary purposes for which such goods are used;
   (iv)  Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unity and among all units involved;

4

and fall within the sphere of both contract and products liability actions (French v. Commonwealth Associates, Inc., 980 A.2d 623, 633 (Pa.Super. 2009)).

Under Pennsylvania law, in order to prevail on a breach of warranty claim, the plaintiff must prove: "(1) that a product malfunctioned; (2) that the plaintiff used the product as intended or reasonably expected by the manufacturer; and (3) the absence of other secondary reasonable causes." Indem. Ins. Co. of North America v. Gross-Given Mfg. Co., 2010 WL 99374, at * 7 (E.D. Pa. Jan.11, 2010) citing Altronics, 957 F.2d at 1105.

Recently the Pennsylvania Superior Court explained that when breach of warranty claims arise within the context of products liability cases:

> The rule reflects the fact that liability under Section 402A[4] turns on a lack of fitness in the defendant's product, as in the case of an action for breach of

---

> > (v) Are adequately contained, packaged, and labeled as the agreement may require; and conform to the promises or affirmations of fact made on the container or label, if any."

Milesco v. Norfolk Southern Corp., 2010 WL 55331, at *5-6 (M.D.Pa. Jan.5 2010) quoting InfoComp., Inc. v. Electra Prods., 109 F.3d 902, 908 (3d Cir. 1997).

[3] A breach of the warranty of fitness for a particular purpose is found where a seller: "(i) on whose skill and judgment a buyer relies, and (ii) who has reason to know, at the time of contracting, (iii) of a particular purpose for which the goods are required, (iv) fails to provide goods that perform to the specific use contemplated by the buyer." Milesco, 2010 WL 55331, at * 5, quoting Oppenheimer v. York Int'l, 2002 WL 31409949, at *4 (Pa.Com.Pl. 2002).

[4] The Restatement (Second) of Torts Section 402A, which has been expressly adopted by the Supreme Court of the Commonwealth of Pennsylvania, [see Pennsylvania Dep't Of General Services v. United States Mineral Products Co., 898 A.2d 590, 615 (Pa. May 25, 2006) citing Webb v. Zern, 220 A.2d 853 (Pa. 1966)] provides that:

> (1) One who sells any product in a defective condition and reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> > (a) the seller is engaged in the business of selling such a product, and

5

> warranty, rather than on the breach of a particular duty of care by the defendant, as in the case of an action for negligence. While a plaintiff's hand in a strict liability case will obviously be strengthened by evidence of a specific defect in the defendant's product, such evidence is not necessary to take this part of the plaintiff's case to a jury.

French, 980 A.2d at 633, quoting Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 329 (1974).

So then, under the case law of Pennsylvania, Plaintiff need not provide evidence of a specific defect in order to survive a motion for summary judgment. Defendant's motion for summary judgment should be denied in this regard.

### D. The Express Warranty

Next, Defendant argues for summary judgment claiming that Plaintiff has failed to demonstrate that Winnebago's express written warranty applies to this fire. Defendant Winnebago argues that because some parts of the vehicle are excluded from the Winnebago warranty, and because Plaintiff's own expert could not conclusively pinpoint the cause of the fire, summary judgment should be granted in favor of Defendant.

The record before this Court reflects that the vehicle's warranty provides that the "chassis, drivetrain and related components" are not subject to the Winnebago warranty, but are instead covered under the manufacturer's individual warranty. ECF No. 20-3, page 1-2. Defendant argues that because Plaintiff's expert cannot testify with any certainty whose work, as

---

> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Restatement (Second) of Torts Section 402A. In order to succeed on a strict product liability claim, "a plaintiff must demonstrate that : (1) the product was defective; (2) the defect cause the plaintiff's injury; and (3) the defect existed at the time it left the manufacturer's control." Indem. Ins. Co., 2010 WL 99374, at * 5, quoting Barnish v. KWI Bld. Co., 980 A.2d 535, 541 (Pa. 2009).

6

between the chassis/drivetrain manufacturer and Winnebago, gave rise to the defect which caused the fire, there is no evidence that the Winnebago warranty applies to the instant fire. "Plaintiff has failed in its obligation to demonstrate that a Winnebago has issued a warranty that could be breached, even assuming a defect in wiring in the instrument panel." ECF No. 21, page 9. Plaintiff does not address this argument in its opposition brief.[5]

A review of the evidence before this Court is appropriate here.[6] Plaintiff's expert, Keith J. Stephan, examined the vehicle within a week of the fire and issued a report on July 29, 2007. ECF No. 20-1. Mr. Stephan determined:

> The causation for this fire can be attributed to a high resistance or glowing connection within the instrument panel electrical system at the driver's side forward portion of the interior. It has been reported by the insured … that on the day of the loss he was alerted to the horn sounding on the subject vehicle upon opening the side entrance door. …
> It is the opinion of this examiner that abnormal electrical activity was occurring at the driver's side forward portion of the interior at the instrument panel. This abnormal electrical activity activated the horn and subsequently resulted in a high resistance or glowing connection that ignited the wiring insulating material at the driver's side of the instrument panel. The fire then progressed in the normal upward and outward fashion destroying the interior of the subject vehicle.

Id. at 45.

In his deposition testimony, Mr. Stephan explained that he could not pinpoint the precise cause of the fire, only that he could determine the general point of origin of the fire, "the driver's side of the instrument panel near the steering column" as there was evidence of "intense

---

[5] However, in Plaintiff's Concise Statement of Material Facts, Plaintiff states "Defendant mistakenly attempts to place the burden on its chassis manufacturer without proving the casualty and without knowledge, apparently, that its status as distributor creates separate liability that is insufficiently disclaimed by its proffered warranty disclaimer." ECF No. 25, page 2.

[6] The items of evidence provided by Defendant in support of its motion for summary judgment are: Keith Stephan's July 2007 Report; excerpts of the deposition testimony of Keith Stephan; the 2006 New Vehicle Limited Warranty of Winnebago Industries; excerpts of the deposition testimony of Joseph Hervatin, the insured; and photos of the vehicle at issue. See ECF No. 20. In opposition to the motion for summary judgment, Plaintiff has provided no further evidence. See ECF Nos. 22, 23.

7

electrical activity in this area on this wiring harness." ECF No. 20-2, page 3, 4. Mr. Stephan went on to explain that: "I could only identify the area of origin. … I haven't pinpointed the exact problem I only have identified an area of origin." Id. at 5-6. Mr. Stephan explained his process in arriving at his conclusion:

> A: [The insured] had a motor home that was approximately 12 months old, 2300 miles on it. It had been parked over a day, which I ruled out hot surface ignition. It was plugged into shore power. Then he tells me the horn was blowing as he was entering the side door. The horn is powered electrically through the instrument panel wiring harness on the driver's side of the vehicle. That's how it's controlled. And that's what brought me to make my conclusion that we had an electrical problem within the instrument panel of the driver's side of the vehicle that led to this fire.
>
> Q: The first part of what you said is that the wiring for the horn is contained in the electrical panel, is that correct?
>
> A: Instrument panel.
>
> Q: Oh, the instrument panel. The instrument panel in the Winnebago Sightseer is located where?
>
> A: Forward. It's in the – it's across the front of it, in front of the steering column.
>
> * * *
>
> Q: The second thing that you said is that the basis of your opinion that I believe you stated an electrical issue occurred in the instrument panel is because that's the location of the horn wiring, and you were interested in the fact that the horn was sounding prior to the accident, is that correct?
>
> A: Correct.

Id. at 8.

Further, Mr. Stephan testified about the interrelationship between the Winnebago portions and the Ford portions of the vehicle:

> Q: And what does the yellow arrow point to in this picture [referring to Photo 39 of the report]?

8

> A: Fuse and relay center that's in the instrument panel. This is a component from Ford. It comes with that chassis. I'm just illustrating it.
>
> * * *
>
> Q: Do you have an understanding, in your explanation of the Ford chassis as compared to the Winnebago portions of the RV, who it is that made these wiring connections?
>
> A: That's Ford. This is Ford (indicating).
>
> Q: This meaning?
>
> A: This fuse and relay center is Ford.
>
> Q: The wires that then go upward as we're looking at Photograph 39?
>
> A: Then they're all modified. Then that's where it starts getting crazy, where Winnebago starts introducing their electrical connections to the harness that was supplied by Ford Motor Company that's up in front of the vehicle.
>
> Q: How about the horn? Do you know which of the two companies installed the horn wiring?
>
> A: No, no. I'm only assuming, and I shouldn't do that, but I'm assuming it's Ford.

Id. at 14-15.

Under Rule 56, it is the moving party's initial burden to demonstrate the absence of evidence supporting Plaintiff's breach of express warranty claim. Celotex, 477 U.S. at 330. "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof. " Allen v. Susquehanna Tp. School Dist., 233 Fed.Appx 149, 152 (3d Cir. 2007) quoting Singletary v. Pennsylvania Dep't of Corrs., 266 F.3d 186, 192 n. 2 (3d Cir. 2001). See also Celotex, 477 U.S. at 323 (although the movant bears

the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim.").

Here, on a breach of express warranty claim, Plaintiff will have the burden of demonstrating the elements of its case at trial – not the least of which in a breach of warranty case is the existence of a written warranty which applies to the goods at issue. Defendant has demonstrated that there is an absence of evidence supporting Plaintiff's claim that the Winnebago warranty covers the portions of the vehicle where the fire originated.

Once the moving party satisfies its burden, the burden shifts to the nonmovant, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admission, or answers to interrogatories showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The nonmovant "cannot simply reassert factually unsupported allegations contained in its pleadings." Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989). Here, Plaintiff has not made any argument, or provided any evidence, in opposition to the motion for summary judgment in this regard. See ECF Nos. 22, 23. Because Plaintiff has not met its burden, Defendant should be entitled to summary judgment.

Accordingly, Defendant's motion for summary judgment should be granted as to the breach of express warranty claim.

### E. Spoliation Of Evidence

Finally, Defendant moves for summary judgment on the basis of spoliation of evidence. Alternatively[7], Defendant requests that the Court permit an inference at trial that the missing evidence would have been unfavorable to Plaintiff.

---

[7] Four types of sanctions are available to remedy the spoliation of evidence: dismissal of a claim or granting judgment in favor of the prejudiced party; suppression of evidence; an adverse

A party "which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence." Hohider v. United Parcel Serv., Inc., 257 F.R.D. 80, 82 (W.D. Pa. 2009). "Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Romero v. Allstate Ins. Co., ___ F.R.D. ___, ___, 2010 WL 4138693, at *15 (E.D. Pa. Oct.21, 2010) quoting Chirdo v. Minerals Techs., Inc., 2009 WL 2195135, at *1 (E.D. Pa. 2009).

As a general rule, the burden of proof on a spoliation claim lies with the party asserting that spoliation of evidence has taken place. Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107-08 (3d Cir. 2001). Four factors are necessary to support a finding of spoliation of evidence:

1) The evidence in question must be within the party's control;

2) It must appear that there has been actual suppression or withholding of the evidence;

3) The evidence destroyed or withheld was relevant to claims and defenses; and

4) It was reasonably foreseeable that the evidence would later be discoverable.

Bull v. United Parcel Serv., Inc., 2010 WL 4553551, at *2 (D.N.J. Oct.29, 2010) quoting Paluch v. Dawson, 2009 WL 3287395, at *2 (M.D.Pa. 2009).[8]

Clearly, the first, third and fourth prongs of the test are met here. Plaintiff took the vehicle in question to its outdoor facility in Cochranton, Pennsylvania. Plaintiff does not dispute

---

inference, referred to as a spoliation inference; and fines, attorney's fees and costs. See Mosaid Technologies Inc. v. Samsung Electronics Co., 348 F.Supp.2d 332 (D.N.J. 2004).

[8] The Pennsylvania Supreme Court has adopted this four-pronged spoliation test originally set out by the United States Court of Appeals for the Third Circuit in Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994). See Schroeder v. Commonwealth Dept. of Transportation, 710 A.2d 23, 27 (Pa. 1998).

11

that Defendant had no control over the vehicle after the fire. Of course, it goes without saying that the vehicle itself is relevant to the claims at issue here and it was reasonably foreseeable that the vehicle would later be discoverable evidence.

The parties disagree on the second prong of the spoliation test. Defendant maintains that Plaintiff failed to preserve the vehicle by storing the vehicle outdoors and subjecting it to weather, thereby compromising the integrity of the vehicle and hindering their ability to mount a defense to the current claims. Defendant specifically points to photographs which demonstrate the deterioration of the vehicle. ECF No. 21, page 11; 20-5, page 1-2. Defendant argues that any experts it hires would not be able to analyze the vehicle in the same condition as did Plaintiff's expert. Plaintiff, in a conclusory averment in opposition, argues that it has preserved the vehicle in a state that would permit Defendant to conduct "any necessary inquiries" and labels Defendant's claims to the contrary "ridiculous." ECF No. 23, page 1.

In support of its argument, Defendant provides this Court with "after" photos of the vehicle as a contrast to "before" photos included with Plaintiff's expert report. ECF No. 20-5, pages 1-2. Although a comparison of the grainy black-and-white "before" and "after" photos reveals a general deterioration of the burned vehicle, there is no conclusive evidence that Defendant's ability to mount a defense has been compromised. At the end of the day, these matters (of whether outdoor storage has compromised the integrity of the vehicle for purposes of mounting a defense) are fact-specific determinations. Based on the record presently before this Court, such a determination is ill-suited to summary judgment. See Byrnie, 243 F.3d at 107-08 (factual issues regarding spoliation of evidence preclude summary judgment since they present questions of fact for the jury).

Further, as to Defendant's alternative request for a spoliation inference at trial, the Third Circuit has cautioned that pre-trial rulings curtailing proof "should rarely be granted" and "excluding evidence … at the pretrial stage is an extreme measure that is rarely necessary." In re Paoli Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990). Defendant bears the burden of proof at this preliminary stage of the proceedings where it seeks a pre-trial evidentiary ruling and this Court finds that Defendant has not met its burden in this regard on this record. Defendant has not shown that it is entitled to spoliation sanctions in the form of a pre-trial ruling imposing upon Plaintiff "a negative inference drawn from a party's destruction of relevant evidence, reflecting a 'consciousness of guilt.'" Ward v. LaManna, 334 Fed.Appx 487, 192 (3d Cir. 2009).

Accordingly, the motion for summary judgment, as well as the alternative request for a spoliation inference at trial, should be denied at this point in time.

## III. CONCLUSION

For the foregoing reasons, it is respectfully that Defendant's Motion for summary judgment [ECF No. 20] be granted as to the breach of express warranty claim and denied as to the breach of implied warranty claims. It is further recommended that the motion for summary judgment on the spoliation of evidence, as well as the alternative request for a spoliation inference at trial, should be denied at this point in time.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections

to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                    /s/ Susan Paradise Baxter  
                                    SUSAN PARADISE BAXTER  
                                    United States Magistrate Judge

Dated:  November 18, 2010