# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PROGRESSIVE CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| Plaintiff, | ) | Civil Action No. 08-343 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Sean J. McLaughlin** |
| **WINNEBAGO INDUSTRIES, INC.,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| Defendant. | ) | |

## MEMORANDUM ORDER

### Procedural History

Plaintiff commenced this action in the Court of Common Pleas of McKean County, Pennsylvania. Shortly thereafter, Defendant removed this case to federal court and it was referred to Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b), and Rule72 of the Local Rules of Court.

Plaintiff Progressive Casualty Insurance, as subrogee of Joseph Hervatin, commenced this action claiming that Defendant Winnebago is liable for damages to a 2006 Winnebago Sightseer owned by Hervatin and insured by the Plaintiff. Plaintiff alleges that a catastrophic fire occurred in the vehicle on June 28, 2007, as it was parked in the driveway of the insured's home. The original three-count complaint sought monetary damages in the amount of $94,115, based on theories of strict liability, negligence, and breach of express and implied warranties. However, following the removal of this action, Plaintiff stipulated to the voluntary dismissal of the strict liability and the negligence claims (Counts I and II of the Complaint), and is proceeding solely on Count III of the Complaint alleging the breach of express and implied warranties. See Text Order dated August 4, 2009.

Defendant filed a motion for summary judgment arguing that: 1) Plaintiff failed to produce sufficient evidence of a defect in the vehicle; 2) Plaintiff failed to demonstrate that Winnebago's warranty applies to the damages that form the basis of the Plaintiff's complaint; and 3) Plaintiff spoliated the evidence by storing the vehicle in an outdoor salvage storage facility, prejudicing Winnebago's ability to defend its interests. ECF No. 20. Plaintiff filed a Brief in Opposition. ECF No. 23.

By Report and Recommendation, Magistrate Judge Baxter recommended that the motion for summary judgment be granted as to the breach of express warranty claim and denied as to the breach of implied warranty claims. She further recommended that the motion for summary judgment on the spoliation of evidence, as well as the alternative request for a spoliation inference at trial, be denied at this stage of the proceedings. ECF No. 26.

Thereafter, Defendant Winnebago filed Limited Objections to the Report and Recommendation. ECF No. 27, 28. No Objections or Reply to Defendants' Objections have been filed by Plaintiff.

## *De Novo* Review

In its Objections, Defendant Winnebago takes issues with the Magistrate Judge's recommendation as to the denial of summary judgment on the breach of implied warranty claim and based upon the doctrine of spoliation of evidence. I address only the challenge to the implied warranty analysis.

In order for a Plaintiff to establish a breach of an implied warranty it is, of course, necessary that the Plaintiff show that the product that was purchased was defective. Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3rd Cir. 1992). Under Pennsylvania law,

this can be done circumstantially. In Altronics, the court described the malfunction theory as follows:

> One way to demonstrate a defect is by the submission of circumstantial evidence. *Greco v. Bucciconi Engineering Co.*, 407 F.2d 87, 89-90 (3d Cir. 1969); *MacDougall v. Ford Motor Company,* 214 Pa.Super. 384, 257 A.2d 676, 679-80 (1969), *overruled by implication on other grounds*, *REM Coal Co., Inc. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128 (1989). Under Pennsylvania law a product may be found defective if it "functioned improperly in the absence of abnormal use and reasonable secondary causes." *Greco*, 407 F.2d at 89-90. We believe that plaintiffs were required to shoulder the burden not only of demonstrating a malfunction, but of negating abnormal use and other causes. *Id*. at 89-90 & n. 3; *see also Brill V. Systems Resources, Inc.*, 405 Pa.Super. 603, 592 A.2d 1377, 1379 (1991). Therefore, in order to carry their burden plaintiffs were required to show: (1) that the product malfunctioned; (2) that plaintiffs used the product as intended or reasonably expected by the manufacturer; and (3) the absence of other reasonable secondary causes.

Altronics, 957 F.2d at 1105.

Here, after an independent review of the record, I find the Plaintiff has raised a triable issue of fact as to defect under the malfunction theory. The Winnebago Sightseer malfunctioned when it burst into flames while sitting in the driveway of Mr. Hervatin's home. There is also evidence that the Winnebago had been used as intended and had relatively low mileage. Finally, an expert has opined that the fire originated in the side of the instrument panel.

**Conclusion**

AND NOW, this 29th day of March, 2011;

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Baxter [ECF No. 26] is adopted as the opinion of this Court as supplemented herein.

                                                          s/ Sean J. McLaughlin
                                                         United States District Judge

cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter